# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: May 31, 2017

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * *  | UNPUBLISHED |
| GERALD SATHER,     * | |
| * | No. 16-1004V |
| Petitioner,     * | |
| v.     * | Special Master Gowen |
| * | |
| SECRETARY OF HEALTH     * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES,     * | Petitioner's Costs; |
| * | Special Master's Discretion. |
| Respondent.     * | |
| * * * * * * * * * * * * | |

Howard S. Gold, Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.
Ann D. Martin, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING FEES AND COSTS[1]

On August 15, 2016, Gerald Sather ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 *et seq.*[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 7, 2014. Petition at 1. On May 10, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 17.

On May 16, 2017, petitioner filed a motion for attorneys' fees and costs (Petitioner's Motion"). ECF No. 25. Petitioner requests attorneys' fees in the amount of $14,073.50 and costs in the amount of $1,696.59, for a total of $15,770.09. Id. Petitioner's counsel represents that petitioner has not incurred any personal litigation costs in pursuit of this claim. Id. at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 24, 2017, respondent filed a response to Petitioner's Motion ("Respondent's Response"). ECF No. 26. Respondent stated that he "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date." Id. Respondent further explained that his "lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." Id. This matter is now ripe for review.

### I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa—15(e)(1). A petitioner need not prevail on entitlement to receive a fee award as long as petitioner brought the claim in "good faith" and with a "reasonable basis" to proceed. Id. In the present case, petitioner was awarded compensation pursuant to a stipulation agreement and is therefore entitled to an award of reasonable attorneys' fees and costs. Special Masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs. See Perreira v. Sec'y of Health and Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications").

#### a. Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, the court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347–58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. With regard to determining reasonable hourly rates, the undersigned recently conducted a thorough analysis to determine appropriate hourly rates for work performed in the Program during 2015. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). McCulloch has been endorsed by all current special masters. The Office of Special Masters has issued a fee schedule which updates the McCulloch rates, to account for inflation in subsequent years, which may be found on the court's website.[3]

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85

---

[3] See Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016 & 2017, available at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters (last accessed May 30, 2017).

Fed. Cl. 313, 316–18 (2008). Counsel should not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary." Saxton, 3 F.3d 1517 at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. See Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

### i. Reasonable Hourly Rate

Petitioner requests an hourly rate of $360.00 for work performed by Mr. Gold during 2015; $370.00 for work during 2016; and $380.00 for work during 2017. Petitioner's Motion at 5-7. Petitioner requests a rate of $125.00 for work performed by a paralegal throughout the entirety of the case. Id. These requested rates are within the ranges set forth in McCulloch and the Office of Special Masters' fee schedules for those years. Special Masters have previously awarded these rates to Mr. Gold and his paralegal, after determining that they were reasonable. Cooper v. Sec'y of Health & Human Servs., No. 15-471V, 2017 WL 1435880 (Fed. Cl. Spec. Mstr. March 30, 2017); Coston v. Sec'y of Health & Human Servs., No. 16-05V, 2017 WL 1152465 (Fed. Cl. Spec. Mstr. Feb. 23, 2017). Accordingly, the undersigned finds that petitioner's requested rates are reasonable.

### ii. Hours Expended

Petitioner requests compensation for 35.6 hours entered by Mr. Gold and 7.9 hours entered by his paralegal. Petitioner's Motion at 5-7. Petitioner submitted a billing log which provides the date, increment of time, billing rate, and nature of each task performed. Id. Petitioner also provided an affidavit from Mr. Gold which describes his relevant professional experience and identifies the rates previously awarded to him and his paralegal. Based on a thorough review of these materials and the lack of objection from respondent, the undersigned finds that the hours expended are reasonable and the total of $14,073.50 in attorneys' fees should be awarded in full.

### b. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,696.59 in costs. Petitioner's Motion at 8. The requested costs consist of the filing fee and the costs for obtaining medical records. Id. Based on a review of the submitted expenses, the undersigned finds that the requested costs are reasonable and should be awarded in full.

## II. Total Award Summary

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The undersigned has reviewed counsel's time records and tasks performed, and finds them reasonable. Petitioner's counsel submitted receipts for his expenses, which the undersigned has also reviewed and finds reasonable. Petitioner's Motion 8-11.

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs. The undersigned awards fees and costs as follows:

| | |
|---|---|
| **Attorneys' Fees Awarded** | **$14,073.50** |
| **Attorneys' Costs Awarded** | **$1,696.59** |
| **Total Attorneys' Fees and Costs Awarded** | **$15,770.09** |

**Accordingly, the undersigned awards attorneys' fees and costs as follows:**

1) **A lump sum in the amount of $15,770.09[4], representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Gerald Sather, and his counsel, Howard S. Gold, Esq., which should be forwarded to:**

   **Gold Law Firm, LLC**
   **83 Walnut Street, Suite 150**
   **Wellesley Hills, MA 02481**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice not to seek review.